77,577-02

No. WR-77,577-02

HAMIS CHANDE,　　　　　　　) IN THE TEXAS COURT
Applicant Pro Se　　　　　　) OF CRIMINAL APPEALS
　　　　　　　　　　　　　　) AT AUSTIN, TEXAS
v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
THE STATE OF TEXAS　　　　 )

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 26 2015
Abel Acosta, Clerk

## APPLICANT'S WRITTEN DESIGNATION SPECIFYING MATTERS FOR INCLUSION IN CLERK'S REPLY

TO THE CLERK OF SAID COURT:

Now comes HAMIS ATHOMAN CHANDE, Applicant in the above styled and numbered cause, and pursuant to Rules of Court, respectfully designates the following matters to be included in the Clerk's reply to this request:

1. Whether Applicant's original "MOTION FOR RECONSIDERATION OF THE DENIAL TO GRANT RELIEF IN APPLICATION FOR WRIT OF HABEAS CORPUS" was received and submitted to the Court?

2. What date that Motion was received and submitted the Court? or

3. Whether that Motion has never been received with the Court?

The relevant facts relied upon the above matters in this request are, as follows:

1

Applicant is indigent and incarcerated at the Dalhart Unit. On January 22, 2015, when Applicant was accessing the Dalhart Unit's law library, he requested and obtained a "Writ Envelope" from the law library officer, Mr. Stouts, then he used that envelope to put his three legal documents: (1) Motion for Reconsideration of the Denial to grant relief in Application for Writ of Habeas Corpus; (2) pro se certification of the motion for reconsideration; and (3) pro se motion requesting leave to file an original copy only of the motion for reconsideration of the denial to grant relief in application for writ of habeas corpus;[1] after that he sealed the envelope and turn it back to the officer for mailing to this Court. He therefore asserts his legal documents were legally filed with this Court same date [1/22/2015]. See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed. 2d 245 (1988) ( a prisoner's legal document is filed "at moment of delivery to prison authorities for forwarding to the Court"). On or about February 2, 2015, Applicant sent a letter to this Court requesting for an acknowledgment receipt of his motion for reconsideration. And on February 13, 2015, in responding to his request, Applicant received a card of this Court's dismissal of his motion for a waiver of Rule 9.3(b) dated [2/09/2015]. On

---

[1] In this request, Applicant's "pro se motion requesting leave to file an original copy only of the motion for reconsideration of the denial to grant relief in application for writ of habeas corpus" will be referred as a "motion for a waiver of Rule 9.3(b)."

2

March 9, 2015, Applicant again sent a request for status of his "Motion for Reconsideration" to this Court, and in responding letter dated March 13, 2015, that was received by Applicant on March 20, 2015, this Court failed to answer his request for the status of the motion for reconsideration. Instead, the Court kept telling Applicant about the dismissal of his motion for the waiver of Rule 9.3(b). Here, this was a wrong respond from this Court.

Indeed, Applicant recognizes that the Constitution guarantees prisoners — as here, himself — the right of meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 824, 828 (1977)(prisoners have fundamental constitutional right to adequate, effective, and meaningful access to courts to challenge violations of constitutional rights); see also Johnson v. Avery, 393 U.S. 483, 485 (1969)(prisoners' right of access to courts may not be denied or obstructed); see, e.g., Deleon v. District Clerk, 187 S.W. 3d 473, 474 (Tex. Crim. App. 2006)(an applicant for habeas corpus relief has a constitutional right to access to courts), citing TEX. CONST. art. 1, § 12. Applicant thus asserts if the Clerk of Court of Criminal Appeals failed to submit his Motion for Reconsideration to the Court, as a result, it violates his substantial right to access to courts to challenge his conviction. See id. Therefore, Applicant respectfully asks the Clerk to file and submit his original motion for reconsideration if the Clerk has not done that yet. Otherwise, Applicant specifically requests for confirmation that his motion for reconsideration has already been received, filed, and submitted to the Court for review. This is because Applicant does not want to loose a deadline to file either a writ of habeas corpus to the federal court [§2254] or a writ of certiorari to the U.S. Supreme Court if that motion is denied by the Texas Court of Criminal Appeals.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that the Clerk of this Court will provide to him a meaningful answer of this request.

Respectfully Submitted,

Hamis Chande